IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>                      Plaintiff,<br>v.<br><br>AUBREA MARIE ZAMPEDRI, Chief Deputy Recorder; TRACY HANSEN, Ogden City Recorder; OGDEN CITY CORPORATION; and MICHAEL ASHMENT, Ogden City Chief of Police,<br><br>                      Defendants. | **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**<br><br>Case No. 1:16-cv-00021-DB-BCW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

Plaintiff David Webb brings this action against Ogden City Corporation; Aubrea Marie Zampedri, Chief Deputy Recorder; Tracy Hansen, Ogden City Recorder; and Michael Ashment, Ogden City Chief.[1] Plaintiff, proceeding *pro se*, was allowed to proceed *in forma pauperis*.[2] On March 11, 2016, this case was referred to Magistrate Judge Brooke Wells by District Judge Dee Benson.[3]

Under the *in forma pauperis* Statute (the "IFP Statute"), the Court shall, at any time, *sua sponte* dismiss a case if the Court determines the complaint is frivolous or fails to state a claim upon which relief can be granted.[4] The IFP Statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to

---

[1] Docket no. 3.

[2] Docket no. 2.

[3] Docket no. 4.

[4] *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5] Therefore, before authorizing service of process of Plaintiff's Complaint, the Court must satisfy itself that the Complaint is sufficient to proceed.

On review of the Complaint, the Court cannot satisfy itself that the Complaint is sufficient to proceed. The Complaint does not comply with the Federal Rules of Civil Procedure Rule 8(a)(2) which requires that a pleading for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."[6] Large chunks of the Complaint appear to cite legal elements to causes of action, without including any factual support to those causes of action. The facts as alleged are not clear—are certainly not concise—and do not link individual defendants with conduct sufficient to sustain a claim. It is unclear "exactly *who* is alleged to have done *what* to *whom*."[7]

Also, to state a viable civil rights claim under 42 U.S.C. § 1983 a plaintiff must allege facts showing an "affirmative link" between the harm allegedly suffered and the actions of each named defendant.[8] Moreover, liability for civil rights violations cannot be based on *respondeat superior*; in other words, a defendant may not be held liable merely because of his or her supervisory position.[9] Thus, administrative or supervisory officials cannot be named as

---

[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Stone v. Albert*, 338 Fed.Appx. 757, 759 (10th Cir. 2009) (emphasis in original) (*quoting Robins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[8] *Anaya v. Crossroads Managed Care Sys. Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997) (citation omitted), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999).

[9] *See West v. Atkins,* 487 U.S. 42, 54 n. 12 (1988); *Mitchell v. Maynard*, 80 F. 3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability. . . . Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim.'") (internal citation omitted).

defendants in a § 1983 action without specific allegations showing that they were personally and directly involved in violating the plaintiff's rights.

Here, Plaintiff personally names the Ogden City Recorder and the Ogden City Chief of Police, but fails to show how either of them were personally and directly involved in violating Plaintiff's rights. Further, Plaintiff has failed to plead any specific allegations related to those defendants. Therefore, it appears that Tracy Hansen and Michael Ashment were only named in their supervisory capacities which warrants the dismissal of these defendants.

The Court will allow Plaintiff to re-plead his Complaint and to conform it to the obligations and standards outlined above. Plaintiff is instructed that his Complaint must clearly state each individual defendant's conduct that was tortious or that violated Plaintiff's civil rights. Further, Plaintiff is directed to "make clear exactly *who* is alleged to have done *what* to *whom*." If Plaintiff fails to timely cure the above deficiencies according to the instructions here, the Magistrate Judge will recommend that this action be dismissed without further notice.

**ORDER**

Based on the foregoing, the Court hereby RECOMMENDS that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE, but shall be given thirty (30) days after adoption of this Report and Recommendation to cure the deficiencies noted above.

**NOTICE**

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[10] The parties must file any objection to this Report and

---

[10] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Recommendation within fourteen (14) days of service thereof.[11]  Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 25 April 2017.

_____
Brooke C. Wells
United States Magistrate Judge

---

[11] *Id.*